[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
Defendant-appellant Kreso Mikulic appeals from the trial court's entry of summary judgment in favor of plaintiff-appellee Ranlom, Inc., on its claim for breach of contract. We affirm the decision of the trial court.
Ranlom, d/b/a Patio Enclosures, Inc., and Mikulic entered into a contract for the installation of a solarium at Mikulic's place of business. The contract states, "THIS CONTRACT CONSTITUTES THE ENTIRE UNDERSTANDING OF THE PARTIES." The contract required Ranlom to:
 Provide and install one Patio Enclosure Solarium on the customer's prepared site. The approximate size to be 60' 7-1/4" x 11' 8-5/8" x 8' 6", Model 1108 basewall with 19 38"OC bays, 2 TC-1000T fans with thermostats, 5 single-vent awning windows, 2 commercial double doors, and 1 panic bar operator. Glazing to be Comfort Guard II on verticals (Bronze tint over Low E, Argon Gas filled), Comfort Guard III on roof (Solar Cool Reflective over Low E, Argon Gas filled, finish PPG Duracron/Polycron Quaker Bronze).
The only terms of the agreement other than those listed above were a statement that the project was not subject to any prevailing wage regulation, and that PEI was responsible "to get permit for Solarium only." Ranlom and Mikulic both signed the agreement.
Mikulic refused to pay in full on the contract even though Ranlom installed the solarium as stated in the contract. Mikulic acknowledges his refusal to pay, but claims that Ranlom breached its agreement with him because the solarium, as built, is unusable because the enclosed room faces the west and the temperature in the solarium is too hot for Mikulic's customers.
Ranlom and Mikulic recognized the importance of proper cooling in the solarium because the enclosed room faced the west. Mikulic claims that a representative of Ranlom, Terry Stephens, held himself out as an authority on heating, ventilation and air conditioning ("HVAC") systems, and that Stephens advised Mikulic to purchase a certain HVAC system from another company. The HVAC system that Mikulic purchased, allegedly on Stephen's advise, was inadequate to cool the solarium. Stephens denies making the representations.
Mikulic claims on appeal that the trial court erred in granting summary judgment in favor of Ranlom on its claim because genuine issues of material fact exist as to whether Mikulic relied on representations made by Stephens about the HVAC system and whether that reliance was reasonable. However, Mikulic is precluded from presenting evidence of any contract terms that vary or contradict the terms of the written contract. The parol evidence rule precludes a claim by Mikulic that he relied on any representations of the company, other than those contained in the written agreement, regarding the installation of the solarium.
As stated in Ed Schory Sons, Inc. v. Soc. Natl. Bank[1]:
 The parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements. "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing."
(Citations omitted.) When the contract is unambiguous, the parol evidence rule prohibits introduction of parol evidence to contradict its terms,[2] and [i]ntentions not expressed in the writing are deemed to have no existence."[3]
Here, the contract unambiguously required Mikulic to pay a certain contract price for the installation of a solarium. The contract did not require Ranlom to provide an HVAC system or to advise Mikulic on purchasing such a system. Therefore, evidence regarding the representations allegedly made by Stephens is prohibited by the parol evidence rule.
As the trial court held, no genuine issues of fact exist as to the validity of the contract or Mikulic's failure to pay the entire contract price. Mikulic's only defense to payment, Stephens's alleged misrepresentations, is barred by the parol evidence rule. The trial court correctly entered summary judgment in favor of Ranlom.
Accordingly, the judgment of the court of common pleas is affirmed. This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1). Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge
[1] Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996), 75 Ohio St.3d 433,439, 662 N.E.2d 1074, 1080.
[2] Trinova Corp. v. Pilkington Bros., P.L.C. (1994),70 Ohio St.3d 271, 638 N.E.2d 572, syllabus.
[3] Aultman Hosp. Assn. v. Community Mut. Ins. Co (1989)46 Ohio St.3d 51, 51, 544 N.E.2d 920,923.